STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss.                          Docket No. CV-2009-202
                                        *Zt'.;...\ - ᑭᖶN- Ιᘿ/ᑫ|ᘔ-ᐤΙᐤ*

PEOPLE'S UNITED BANK,          )
                               )
          Plaintiff            )
                               )
     vs.                       )          **ORDER AND JUDGMENT**
                               )
ADAM B. CYR,                   )
                               )
          Defendant            )

     This matter came before the Court on the motion for summary
judgment filed by the plaintiff, People's United Bank.  In its
Complaint the Plaintiff assert a claim as against the Defendant
as the maker of a commercial promissory note dated July 11, 2007
in the original principal amount of $38,000.00 ("the Note").
                    *and no opposition was filed.*
     The motion of the Plaintiff for summary judgment was filed
pursuant to M.R.Civ.P. 56. Based upon the pleadings and the
affidavits filed by the Plaintiff in support of its motion, the
Court finds that there is no genuine issue of material fact and
that the Plaintiff is entitled to judgment as a matter of law on
its Complaint.  Further, the Court specifically finds the
following:

     (1) Each of the factual recitals hereinabove is specifically
adopted as a finding of fact or conclusion of law (as
appropriate).

     (2) The Defendant is in default of his payment obligations
pursuant to the terms of the Note, having failed to pay the
amounts and on the schedule set forth in the Note.

     (3) As of September 28, 2010 the amount due and owing to the
Plaintiff pursuant to the terms of the Note (exclusive of
attorneys' fees and costs) included the following:

          principal:              $18,557.89
          accrued interest:          576.72
          accrued late charges:      122.28
                    Total:        $19,256.89

          per diem interest rate:  $5.28

     Interest continues to accrue on the Note at the same rate as
is set forth in the Note[1] until the obligation has been
satisfied.  14 M.R.S.A. § 1602-C(1)(A).

     (4) The Plaintiff is entitled as a matter of contract to
recover its reasonable attorney fees in connection with this

_____

     [1] Interest accrues at the rate of 10.25% per annum.

action to enforce the Note. The Court specifically finds that the Plaintiff is entitled to include the sum of $ 3529.61 / $3,529.61 as its reasonable attorney fees and costs and which sum is part of the claim of the Plaintiff as against the Defendant.

Accordingly, it is hereby ORDERED, that judgment be and is hereby entered in favor of the Plaintiff and against Defendant Adam B. Cyr in the aggregate of the sums set forth in paragraphs (3) and (4) hereinabove, with additional interest accruing from September 29, 2010 as provided in paragraph (3).

The Court further finds, pursuant to M.R.Civ.P. 54(b)(2), that the Plaintiff's claims for attorney fees are integral to the relief sought. The Plaintiff may file an application for additional attorney fees and costs within thirty (30) days after the entry of this Order and Judgment.

The Clerk is directed to enter this Order and Judgment upon the docket by reference pursuant to M.R.Civ.P. 79(a).


Dated: 12\9\10

_____
JUSTICE, SUPERIOR COURT
**Ann Murray**

**Order and Judgment entered upon the docket on 12/20/10**